Filed 5/14/14  In re R.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.C., a Person Coming Under the Juvenile Court Law. | H040192 (Santa Clara County Super. Ct. No. JV38016) |
| THE PEOPLE, Plaintiff and Respondent, v. R.C., Defendant and Appellant. | |

R.C. (minor) has been the subject of four sustained delinquency petitions.  (See Welf. & Inst. Code, § 602.)[1]  Following disposition on the fourth petition, minor twice violated probation (§ 777).  After the disposition hearing on the second noticed probation violation (Case No. 3-11-JV38016G), the juvenile court continued minor as a ward of the court and ordered him to successfully complete Santa Clara County Juvenile Rehabilitation Facilities, Enhanced Ranch Program (hereinafter "Enhanced Ranch Program").

---

[1]     All further references are to the Welfare and Institutions Code unless otherwise specified.

1

R.C. appeals from the dispositional orders (see § 800, subd. (a)), challenging only the court's award of custody credits. The court awarded 706 days of predisposition credit but minor argues that the court miscalculated and he was entitled to two additional days of credit.

The People's sole argument is that minor forfeited his credit claim, citing Penal Code section 1237.1. By its own terms, section 1237.1 applies only to criminal defendants appealing from a judgment of conviction.[2] Since that section does not apply to juvenile appeals challenging predisposition custody credit (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 350-353), minor's claim is not procedurally barred. Although a minor is not required by Penal Code section 1237.1 to present a claim of erroneous calculation of custody credit to the juvenile court before raising it on appeal, it may be more efficient and a better use of scarce governmental resources to do so.

We conclude that the matter must be remanded for recalculation of custody credit.

I

*Procedural History*

On February 1, 2011, a juvenile wardship petition was filed against minor (Case No. 3-11-JV38016A). It alleged that, on or about January 29, 2011, minor committed three criminal violations: felony burglary (Pen. Code, §§ 459, 460), misdemeanor assault (Pen. Code, §§ 240, 241, subd. (a)), and misdemeanor carrying a switchblade (former Pen. Code, § 653k).

---

[2] Penal Code section 1237.1 states: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."

2

On February 18, 2011, a second juvenile wardship petition was filed against minor (Case No. 3-11-JV38016B). It alleged that, on or about January 17, 2011, minor committed felony vandalism (Pen. Code, § 594, subds. (a), (b)).

On March 7, 2011, minor admitted committing second degree burglary (Pen. Code, §§ 459, 460, subd. (b)) and the other offenses alleged in the two pending petitions (Case Nos. 3-11-JV38016A & 3-11-JV38016B). The court declared minor a ward of the court and permitted him to return home on supervised probation. The court ordered minor to serve 45 days on the Electronic Monitoring Program (EMP).

On March 14, 2011, a notice of probation violation under section 777 was filed (Case No. 3-11-JV38016C). It alleged that, on March 11, 2011, "minor cut off his monitoring device," his mother stated that he had left the family residence, and his current whereabouts were unknown. The notice stated that minor was failed from the EMP.

A warrant for minor's arrest issued.

On April 14, 2011, minor was arrested and transported to Juvenile Hall.

On May 2, 2011, a revised notice of probation violation under section 777 was filed (Case No. 3-11-JV38016C). It alleged that, on March 11, 2011, minor was failed from the EMP because "he cut off his monitoring device and absconded from Probation supervision." It stated that minor's whereabouts were unknown until April 14, 2011.

On May 2, 2011, minor admitted the alleged violation of probation. The court continued minor as a ward of the court and committed him to Juvenile Hall for 15 actual days. The court also ordered him to serve 30 days on the EMP and to return to parental custody under probation supervision.

On June 27, 2011, a third juvenile wardship petition was filed against minor (Case No. 3-11-JV38016D). It alleged that, on or about June 23, 2011, minor had committed two felonies: second degree burglary (Pen. Code, §§ 211, 212.5, subd. (c)) and assault by

3

means of force likely to produce great bodily injury (former Pen. Code, § 245, subd. (a)(1)).

On July 27, 2011, minor admitted committing the offenses alleged in the third petition (Case No. 3-11-JV38016D). On that same date, the court continued minor as a ward of the court, committed him to the Enhanced Ranch Program (for six to eight months), and ordered him to return to parental custody under probation supervision upon successful completion of that program.

On December 1, 2011, a fourth juvenile wardship petition was filed against minor (Case No. 3-11-JV38016E). It alleged that, on or about November 24, 2011, minor committed a misdemeanor, willful failure to return to a juvenile county ranch (§ 871, subd. (c)).[3] A warrant for minor's arrest for violating section "871(c), a misdemeanor" was issued.

On December 21, 2011, minor admitted the violation alleged in the fourth petition (Case No. 3-11-JV38016E). The juvenile court continued minor as a ward of the court. It ordered minor committed to the Enhanced Ranch Program (for six to eight months) and continued him in detention in Juvenile Hall pending execution of its order. The court also ordered minor returned to parental custody under probation supervision upon successful completion of the ranch program.

On July 6, 2012, a notice of probation violation under section 777 was filed (Case No. 3-11-JV38016F). It alleged that, on June 16, 2012, minor absconded from probation supervision and his whereabouts were unknown. A warrant for minor's arrest issued.

---

[3]     Section 871, subdivision (c), criminalizes "[t]he willful failure of a person under the custody of a probation officer or any peace officer in a county juvenile hall, or committed to a county juvenile ranch camp, or forestry camp, to return to the county juvenile hall, ranch, camp, or forestry camp at the prescribed time while outside or away from the county facility on furlough or temporary release . . . ."

4

On October 10, 2012, minor admitted the most recently alleged violation of probation (Case No. 3-11-JV38016F).

On December 4, 2012, the court continued minor as a ward of the court. It ordered minor committed to the Enhanced Ranch Program (for six to eight months) and continued him in detention in Juvenile Hall pending execution of its order.

On June 18, 2013, another notice of probation violation under section 777 was filed (Case No. 3-11-JV38016G). It alleged that minor failed to successfully complete the Enhanced Ranch Program by absconding on June 16, 2013 during a home furlough and his whereabouts remained unknown.

On June 28, 2013, minor admitted the most recently alleged probation violation (Case No. 3-11-JV38016G).

On July 29, 2013, the court continued minor as a ward of the court. It ordered minor to successfully complete the Enhanced Ranch Program. The court also ordered minor returned to parental custody under probation supervision upon successful completion of the ranch program.

Minor filed a notice of appeal from the July 29, 2013 dispositional orders.

II

*Discussion*

A. *Governing Law*

Section 726, subdivision (d), provides "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be

imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court."[4]

In *In re Eric J.* (1979) 25 Cal.3d 522 (*Eric J.*), the California Supreme Court held, "in order to carry out the mandate of section 726, [former] subdivision (c) [now (d)], that a juvenile 'not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted' of the same offenses" (*id.* at p. 536), the juvenile court must give credit for time minor spent in custody in juvenile hall prior to commitment. (*Id.* at pp. 526, 536.)

It is now understood that "a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. (Pen. Code, § 2900.5, subd. (a); *In re Eric J.* (1979) 25 Cal.3d 522, 533-536 . . . .)" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.) "It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]" (*Ibid.*)

Under section 726, subdivision (d), the phrase " 'maximum term of imprisonment' means the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code or to consider time for good behavior or participation pursuant to Sections 2930, 2931, and 2932 of the Penal Code, plus enhancements which must be proven if pled."[5] A minor is not entitled to credit for time spent in an electronic monitoring program. (*In re Lorenzo L.* (2008) 163 Cal.App.4th

---

[4] " 'Physical confinement' means placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home pursuant to Section 730, or in any institution operated by the Youth Authority [now the Department of Corrections and Rehabilitation, Division of Juvenile Facilities]." (*Ibid.*, see §§ 1000, 1710, subd. (a).)

[5] "If the charged offense is a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code, the 'maximum term of imprisonment' is the longest term of imprisonment prescribed by law." (*Ibid.*)

1076, 1079-1080.) "If the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code . . . ."[6] (§ 726, subd. (d).)

"[W]hen a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions pursuant to these foregoing statutory provisions, the court must also aggregate the predisposition custody credits attributable to those multiple petitions. (*Eric J.*, *supra*, 25 Cal.3d 522 . . . .)" (*In re Emilio C.*, *supra*, 116 Cal.App.4th at p. 1067.) In *In re Stephon L.* (2010) 181 Cal.App.4th 1227, for example, the court had aggregated minor's period of physical confinement on two petitions. (*Id*. at p. 1232.) Therefore, the minor in that case was entitled to predisposition custody credit against the maximum period of physical confinement for time spent in custody on either petition. (*Id*. at pp. 1232-1233.) While a determination under section 777 that the ward has violated probation does "not increase the maximum period of confinement for the original section 602 offense[s]" (*In re Eddie M.* (2003) 31 Cal.4th 480, 508), a minor is

---

[6] "[W]hen any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (Pen. Code, § 1170.1, subd. (a).) "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses. . . . " (*Ibid*.) In determining the "maximum term of imprisonment" under section 726, the aggregation provisions of Penal Code section 1170.1 apply whether the offenses committed by a minor are felonies or misdemeanors. (*Eric J., supra,* 25 Cal.3d at p. 537.)

7

entitled to credit for all predisposition time spent in custody when a court decides to aggregate a minor's maximum period of physical confinement on multiple petitions. (See *In re Stephon L.*, *supra*, 181 Cal.App.4th at pp. 1231-1232.)

B. *Computation of Custody Credit*

The juvenile court's July 29, 2013 dispositional orders specified that minor's maximum period of confinement was eight years and he was entitled to custody credit of 706 days, from which we infer that it elected to aggregate the period of physical confinement on all the previously sustained delinquency petitions. (§ 726, subd. (d).) Accordingly, the court was required to calculate minor's credit against the maximum period of confinement for the time spent in secure custody on all the petitions, including prior violations of probation.[7] (See *In re Stephon L.*, *supra*, 181 Cal.App.4th at pp. 1231-1232; *In re Emilio C.*, *supra*, 116 Cal.App.4th at p. 1067.)

The probation officer's report, dated March 7, 2011, indicated that minor was in custody from January 29, 2011 through March 7, 2011 and he was entitled to a total of 38 days credit. In its March 7, 2011 dispositional orders on the first two petitions (Case Nos. 3-11-JV38016A & 3-11-JV38016B), the juvenile court indicated that minor had 38 days of credit. This is consistent with minor's calculations.

The probation officer's report, dated May 2, 2011, for the probation violation hearing indicated that minor was entitled to an additional 19 days credit for his custody from April 14, 2011 (date of arrest) through May 2, 2011, a total of 57 days credit (custody credit for 19 days plus 38 days credit). For an unexplained reason, the court's May 2, 2011 dispositional orders indicate that minor had 58, rather than 57, days credit.

In its May 2, 2011 dispositional orders on the probation violation (Case No. 3-11-JV38016C), the court ordered minor to be committed to Juvenile Hall for "15 actual

---

[7] We assume that a partial day in secured custody counts as a day of custody for which a minor is entitled to credit. (Cf. *People v. King* (1992) 3 Cal.App.4th 882, 886; *People v. Smith* (1989) 211 Cal.App.3d 523, 526.)

days." Minor calculates that he was entitled to a total of 72 days of credit (custody credit for 15 days plus 57 days credit) upon completing 15 days in Juvenile Hall. His calculation is consistent with a probation officer's report, dated July 13, 2011, which was filed following the filing of the third delinquency petition. That report indicates that minor was entitled to 72 days of custody credit on prior offenses.

The July 13, 2011 probation report stated that minor was in custody from June 23, 2011 (date of offenses alleged in the third petition) through July 13, 2011. The report indicated that minor was entitled to 21 days credit for time spent in custody on the third petition (Case No. 3-11-JV38016D), for a total of 93 days credit (custody credit for 21 days plus 72 days credit). The court's written orders on July 13, 2011, reflect that minor was in custody.

In its July 27, 2011 dispositional orders on the third petition, the juvenile court indicated that minor had 107 days credit (consistent with 93 days credit plus 14 days credit for custody from July 14, 2011 through July 27, 2011). At that time, the court again ordered minor committed to the Enhanced Ranch Program.

The probation report, dated December 8, 2011, for the detention hearing on the fourth petition (Case No. 3-11-JV38016E), stated that on November 24, 2011, minor was released at 8:00 a.m. to his mother pursuant to a one-day Thanksgiving furlough but he subsequently fled from his mother's care, custody and control. The report does not disclose any lapse in custody between July 27, 2011, when the court committed him to the Enhanced Ranch Program, and November 24, 2011, when he was temporarily released for the day from the ranch program. According to minor's calculations, he had total custody credits of 227 days as of November 24, 2011. Custody credit of 227 days is consistent with 120 days of custody from July 28, 2011 through and including November 24, 2011 plus the previously calculated 107 days credit.

The record reflects that, on December 6, 2011, minor was arrested on an outstanding juvenile warrant. On December 8, 2011, a detention hearing was held. The

9

December 21, 2011 probation report stated that minor was in custody from December 6, 2011 to December 21, 2011, which we calculate to be a period of 16 days. The report indicated that minor was entitled to total of 243 days credit (consistent with credit for 16 days of custody plus 227 days credit).

On December 21, 2011, the court again committed minor to the Enhanced Ranch Program. For an unexplained reason, the court's December 21, 2011 dispositional orders specified that minor had 248, rather than 243, total days of credit.

The probation report, dated October 10, 2011, for the detention hearing on the noticed probation violation (Case No. 3-11-JV38016F), indicated that, on June 16, 2012, minor was temporarily released for a home visit but he absconded from the family residence that evening. The report does not disclose any break in custody between December 21, 2011, when the court committed him to the Enhanced Ranch Program, and June 16, 2012. According to minor's calculations, as of June 16, 2012, his custody credits totaled 421 days. Total custody credit of 421 days is consistent with 178 days of custody from December 22, 2011 through and including June 16, 2012 plus 243 days of credit for time previously spent in custody. The July 6, 2012 notice of probation violation (Case No. 3-11-JV38016F) stated, however, that minor had 426 days credit for time served.

A police report attached to the October 10, 2012 probation report indicated that minor was eventually arrested on an outstanding juvenile warrant on October 7, 2012.[8]

---

[8]     As the minor points out, there are some inconsistencies in the record regarding the date of his arrest. The probation report's statement that minor was arrested on October 17, 2012 is clearly a typographical error since it is inconsistent with the attached police report and a reported October 8, 2012 meeting between the probation officer and minor in Juvenile Hall. Further, October 17, 2012 post-dates the October 10, 2012 probation report and the detention hearing held on October 10, 2012. The court's October 10, 2012 orders specified that minor was in custody.

10

Following the detention hearing on October 10, 2012, a new probation report, dated October 23, 2012, was prepared. That probation report stated that minor was in custody from October 10, 2012 to October 23, 2012, a period of 14 days. The report stated that minor was entitled to 14 days credit and also stated, without explanation, that minor was entitled to "367 days credit for time served for prior offenses," many fewer days than the 426 days stated in July 6, 2012 notice of probation violation. Neither the October 10, 2012 probation report nor the October 23, 2012 probation reported any break in custody from December 22, 2011 through June 16, 2012. Thus, the reported 367 days credit for time served for prior offenses appears incorrect. The report does not appear to account for minor's custody from the date of his arrest, which appears to be October 7, 2012 (see fn. 9, *ante*), through October 9, 2012.

A supplemental probation report, dated November 27, 2012, continued to use an apparently incorrect figure for the number of days minor previously spent in custody to calculate total custody credit of 416 days. It indicated that minor continued in custody as of November 27, 2012.

At the December 4, 2012 disposition hearing on the probation violation (Case No. 3-11-JV38016F), the court again committed minor to the Enhanced Ranch Program. The court's placement order, dated December 4, 2012, reflected credit for 422 total days of custody, which presumably was based upon the misreported total credit of 416 days plus credit for an additional seven days of custody (November 28, 2012 through December 4, 2012).

On June 16, 2013, minor absconded from the ranch program during a home furlough, described by minor in his brief as an overnight furlough. In minor's calculation, as of June 15, 2013, his custody credits totaled 673 days. The total of 673 is consistent with 252 days of custody from October 7, 2012 (the apparent date of arrest) through and including June 15, 2013 (the date on which minor indicates he was released on furlough) plus 421 days credit for prior custody through and including June 16, 2012 (when he

11

previously absconded) as calculated by minor. But the notice of probation violation, dated June 18, 2013 specified only "645 days credit for time served for prior offenses."

The probation report, dated June 28, 2013, for the hearing on the alleged probation violation (Case No. 3-11-JV38016G) reflects that minor was arrested on the outstanding juvenile warrant on June 26, 2013. The court's written detention orders, dated June 28, 2013, specified that minor was in custody and "detained in secure custody."

The probation report, dated July 22, 2013, stated that minor was in custody from June 28, 2013 to July 22, 2013, a total of 25 days. It nevertheless indicated that he was entitled to credit of 27 days plus 679 days credit for total credit of 706 days.

On July 22, 2013 the court continued the matter and ordered all nonconflicting prior orders to remain in effect. Its written orders reflect minor's in-custody status.

The court's July 29, 2013 written disposition orders specified that minor was entitled to 706 days of custody credit. If minor were in fact entitled to 706 days on July 22, 2013 as reported in the July 22, 2013 probation report, minor would be entitled to additional credit for the intervening days of custody before the court's disposition on July 29, 2013.

Minor now claims that he is entitled to 35 days credit for custody commencing on June 26, 2013 (date of arrest) and continuing through July 29, 2013 (date of disposition on most recent probation violation) plus 673 days credit for the time he previously spent in custody for a total of 708 days of predisposition custody credit. Here, minor makes a computational mistake because that most recent period of custody consists of only 34 days.

It seems that minor may well be entitled to one additional day of predisposition custody credit against his maximum period of physical confinement. Due to the many discrepancies in the record, however, we will remand the matter to the juvenile court for recalculation rather than modify the dispositional orders.

12

## DISPOSITION

The July 29, 2013 dispositional orders are reversed. Upon remand, the court is directed to determine the number of days of predisposition custody to be credited against minor's maximum period of physical confinement and amend its orders accordingly.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.